Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion O-1670
Re: Would the rights of the
State and county to col-
lect taxes on a piece of
property be destroyed
where another taxing unit
brings suit for taxes and
foreclosure of its tax
lien if the State and coun-
ty were impleaded in said
case but failed to answer
when served with citation
as required by Article
7345b of Vernon's Annotated
Civil Statutes?

We are in receipt of your letter of November 10,
1939, in which you request an opinion of this Department as
to whether or not the rights of the State and county to col-
lect taxes on a piece of property would be destroyed where
another taxing unit brings suit for the taxes and foreclosure
of its tax lien and the State and county have been impleaded
in the case and properly served with citation as required by
Article 7345b of Vernon's Annotated Civil Statutes but fails
to answer in said suit.

The delinquent tax statute in question was enacted
in 1937 by the 45th Legislature as Chapter 506. The follow-
ing sections thereof are pertinent to a discussion of your
question:

"Section 1. For all purposes of this
Act, the term 'taxing units,' shall include
the State of Texas or any town, city or
county in said State, or any corporation or
district organized under the laws of the

State with authority to levy and collect taxes.

"Section 2. In any suit hereafter brought by or in behalf of any taxing unit as above defined, for delinquent taxes levied against property by any such taxing unit, the plaintiff may implead as parties defendant any or all other taxing units having delinquent tax claims against such property, or any part thereof, and it shall be the duty of each defendant taxing unit, upon being served with citation as provided by law to appear in said cause and file its claim for delinquent taxes against such property, or any part thereof. It shall be sufficient service upon the State of Texas in any county in such suit to serve citation upon the County Tax Collector charged with the duty of collecting such delinquent taxes due the State and county against such property and it shall be sufficient service upon any other taxing unit to serve citation upon the officer charged with the duty of collecting the taxes of such taxing unit or upon the Mayor, President, or Chairman or the governing body of such taxing unit, or upon the Secretary of such taxing unit. Any taxing unit having any claim for delinquent taxes against such property may waive the issuance and service of citation upon it.

"Section 10. The purchaser of property sold for taxes in such foreclosure suit shall take title free and clear of all liens and claims for taxes against such property delinquent at the time of judgment in said suit to any taxing unit which was a party to said suit or which had been served with citation in said suit as required by this Act."

It is evident that Section 10, above quoted, answers your question. This Section provides that the purchaser at a foreclosure sale takes the property free and clear of all the

liens and claims for taxes against the property which were delinquent at the time of the judgment in said suit as against any taxing unit which was either a party to the suit or which taxing unit had been served with citation in said suit as provided in Section 2. In your case, after the State and county were served with citation as required, said taxing units failed to answer in said suit. In such a case Section 10 provides that the purchaser at the foreclosure sale takes the title to the land free and clear of any lien which the State and county may have had for delinquent taxes for years prior to the date of the judgment in said suit.

In answering your question there is one other matter which must of necessity be discussed. There is a question presented as to whether or not Section 10 is unconstitutional.

Article 3, Section 55 of our Constitution provides as follows:

"The Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liability or obligation of any corporation or individual, to this State or to any county or defined subdivision thereof, or other municipal corporation therein, except delinquent taxes which have been due for a period of at least ten years."

Article 8, Section 10 of our Constitution provides as follows:

"The Legislature shall have no power to release the inhabitants of, or property in, any county, city or town from the payment of taxes levied for State or county purposes, unless in case of great public calamity in any such county, city or town, when such release may be made by a vote of two-thirds of each House of the Legislature."

The first case that discussed this proposition was the case of Willacy County Control & Improvement District No. 1 vs. Lewis, 119 S. W. (2) 159; Court of Civil Appeals, San Antonio. In discussing this problem, the court stated as follows:

"The District presses upon us the
argument that because of the requirement
of the statute for the taxing unit filing
suit to notify the tax collectors of the
other taxing units of the pendency of the
suit, and in the event such tax collectors
by reason of neglect of duty or of their
willful failure to file their tax claims
in such suit, that such taxing unit would
by the act be deprived of its taxes. * * *
It is to be noticed, however, that the
argument made is predicated upon the
assumption that public officials will not
perform their official duties. The law
presumes that public officials will dis-
charge their official duties. Anderson
v. Polk, 117 Tex. 73, 297 S. W. 219,
(Supreme Court). Assuming that the of-
ficers of the various taxing units will
perform their official duties, which we
must under the law, it is not perceived
how, in any manner, the act will contravene
Sec. 10, Art. 8, of the Constitution of
the State, Vernon's Ann. Civ. St. Const.
Art. 8, g 10."

The same contention was raised before the Waco Court
of Civil Appeals in the case of Mexia Independent School Dis-
trict v. City of Mexia. This question was then certified by
said Court to the Supreme Court of this State. The Court cited
the constitutional provisions which prohibit the Legislature
from releasing or extinguishing a liability to the State or
county and construed this statute in accordance with said con-
stitutional provisions. In answer to the contention that this
Act is unconstitutional, the Court said as follows:

"In this connection, it is not contended
that the statute under consideration under-
takes directly to release any taxes to any
one but it is contended in effect that since
the Act authorizes the plaintiff to join as
defendants all other taxing units having
liens against the property and further pro-
vides that the purchaser of the property
sold at such foreclosure sale shall take
title thereto free of all liens for taxes

owing the taxing units that were parties to the suit, it is possible for the representatives of a taxing unit by failing to appear and file claim for the taxes due to thereby waive and release to the property owner the lien for such taxes. We recognize that it is possible, under the Act in question, for such representatives, by their carelessness or otherwise, to fail to properly foreclose the liens held by the taxing units which they represent, but this is a danger inherent in all governmental functions performed by human agents. It has always been possible for commissioners' courts by failing to assess property at its full value, or for attorneys by failing to properly prove up their cases in tax suits, or for jurors by improperly resolving questions of fact in favor of the tax debtor, to thereby deprive a taxing unit of its just dues, but the mere existence of this possibility does not render all our tax laws unconstitutional. It is presumed that all public officials will honestly perform their official duties, Anderson vs. Polk, 117 Tex. 73, 297 S. W. 219, and the statute and constitutional provisions in question must be construed in the light of that presumption. When so construed, the statute is not unconstitutional on the grounds stated. This exact contention was made in the case of Willacy Water Control & Improvement Dist. No. 1. vs. Lewis, 119 S. W. (2d), 159, and the San Antonio Court in that case, in an opinion by Associate Justice Slatton, overruled the contention. If the statute is followed and the officers perform their duty as they are presumed to do, it will be impossible to confer any special benefit on the tax debtor."

The Supreme Court rendered this decision on November 8, 1939, and the case is, therefore, unreported. The constitutionality of Section 10 of Article 7345b of Vernon's Annotated Civil Statutes has been definitely established by this case.

It is the opinion of this Department, therefore, in cases where the State and county have been served with citation in a tax suit filed by another taxing unit, that unless said State and County enter and file their tax claim as required, the property in question when sold at foreclosure sale will be taken by the purchaser free of the tax liens of said taxing units as of the date of the judgment.

Yours very truly.

ATTORNEY GENERAL OF TEXAS

By
(s)        Billy Goldberg
                 Assistant

BG:RS

APPROVED NOV 29, 1939
(s)
Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
opinion committee
By BWB
chairman